JOHN L. BARBER, SB# 160317
E-Mail: barber@lbbslaw.com
JOSEPH R. LORDAN, SB# 265610
E-Mail: lordan@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant RAYTHEON COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GILBERT GARRIDO,<br><br>           Plaintiff,<br><br>    vs.<br><br>RAYTHEON COMPANY; and DOES 1 to 10,<br><br>           Defendants. | CASE NO. CV12-03825 GAF (RZx)<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge:  Hon. Gary A. Feess<br><br>Discovery Magistrate Judge Ralph Zarefsky<br><br>Trial Date:    None Set |

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

Plaintiff Gilbert Garrido ("Plaintiff") and his attorneys, on the one hand, and Defendant RAYTHEON COMPANY ("Defendant") and its attorneys, on the other hand (collectively, "the parties"), hereby stipulate as follows:

1.    All documents containing, relating to, or evidencing: (i) trade secret matters, (ii) proprietary and/or financial information, (iii) offers of compromise, (iv) state or government secrets, (v) Department of Defense work, protocols, requests, communications, and work product, (vi) information of current or former employees of Defendant, (vii) corporate structure information, (viii) Information Assurance information, modeling, operations, (ix) All materials designated Confidential,

Private, or Most Private by Raytheon in connection with its personnel matters, including, but not limited to payroll and termination decisions; (x) all material designated secret, top secret, or other similar designations, whether from Government or Private clients of Raytheon; (xi) all Raytheon client information; (xii) all Raytheon security information and security measures, which were or will be produced for inspection and made available for copying in this action by Plaintiff or Defendants shall be considered confidential documents ("Confidential Documents"). All Confidential Documents in whole or in part, any copies thereof, or in any form or any of the information contained therein, all portions of transcripts of any deposition or non-evidentiary hearing and any exhibits identified therein, and all briefs, pleadings, memoranda, motions, other court filings, responses to interrogatories or responses to other discovery which quote from, attach as an exhibit or otherwise recite or explain any part or all of the contents of the Confidential Documents and the information therein contained shall be treated as "Confidential Information" and shall be subject to the terms and conditions of this Order. At the time either party produces any Confidential Documents or testifies to any Confidential Information, the parties shall identify said documents by means of notice marked "Confidential" on the face of the document.

    2.    Such Confidential Information shall be used solely in preparation for and in support of the litigation of this action and for no other purpose, including, without limitation, the prohibited purpose of disclosing any Confidential Information for any legal, business, competitive or other purpose or function.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3.  Confidential Information shall not be disclosed to any natural person, corporation, partnership, firm, governmental agency, association or any other entity whatsoever, other than:

(a) Plaintiff;

(b) Counsel for Plaintiff;

(c) Defendant;

(d) Counsel for Defendant;

(e) Experts and/or consultants;

(f) The author(s), sender(s), addressee(s) and copy recipient(s) of the Confidential Information;

(g) The person(s) mentioned in any document or tangible material designated as Confidential Information, provided, however, that only that portion of the Confidential Information which directly pertains to such person(s) shall be disclosed to them;

(h) Percipient witnesses called to testify at deposition or trial, but only for purposes of such deposition or trial testimony; or

(i) Employees of such counsel who have direct responsibility for assisting such counsel in the preparation and trial of this action to the extent such counsel in good faith reasonably believes that a disclosure of Confidential Information would assist in the prosecution or defense of any claim or defense in this action.

4.  Attorneys for each party and each party shall be provided with a copy of this Stipulation and Order, shall agree to be bound by its terms, and shall execute an Agreement, in the form attached hereto as Exhibit "A," that he or she has read and understood the Stipulation and Order.  Counsel making a disclosure to any authorized person shall retain the original executed copy of such Agreement.  Neither those identified in section 3 (f)-(h), nor experts designated by the parties, may possess or view any Confidential Information until that witness or expert has

1 signed the Protective Order.  The attorneys for each party must provide the opposite
2 party with copies of all signatures to the Protective Order.
3      5. Any party or person submitting any Confidential Information for the
4 litigation to the Court in whatever form, including pleadings, motions, briefs,
5 memoranda, transcripts, exhibits, depositions and the like, shall enclose them in a
6 sealed envelope or container, which envelope or container shall be marked:
7 "CONFIDENTIAL: GARRIDO v. RAYTHEON COMPANY, Case No. CV12-
8 03825 CAS (RZx).  Such envelope or container shall on its face or by documents
9 permanently attached thereto state that it is not to be opened nor the contents
10 displayed or revealed except to the Court and the jury during the litigation of this
11 matter.  The Court and/or the jury, however, may review any Confidential
12 Documents and/or Confidential Information or pleadings, motions, briefs,
13 transcripts or depositions which mention or incorporate Confidential Documents
14 and/or Confidential Information if necessary for a decision of a matter pending in
15 the litigation of this action, be it a motion or any other proceeding.  The Court
16 however, shall be informed of the confidential nature of the material by the party
17 filing the material so that it can maintain the Confidential Documents and the
18 Confidential Information under seal after review.  The original and all copies of any
19 document filed under seal for the litigation pursuant to this paragraph shall state in
20 bold letters on the first page of the documents that such documents are confidential
21 and are filed under seal.  Any necessary motion to the Court for filing documents
22 under seal shall be made by the party seeking to submit Confidential Information to
23 the Court.
24      6. All Confidential Documents, and any abstracts or summaries thereof,
25 shall be returned to the respective producing parties at the conclusion of the
26 litigation, regardless of the outcome, including failure to resolve the case in full.
27 / / /
28 / / /

7. In the case of depositions or other out-of-court oral testimony or argument, by a statement on the record during the deposition, to the effect that the testimony given or about to be given, or the exhibit produced or about to be introduced, contains reference to "CONFIDENTIAL" or Information, and/or by advising all counsel of the same within 30 days of the designating party's receipt of the deposition transcript or the date of the oral testimony or argument.  Upon receipt of any such notice, the party in possession of copies of a transcript designated "CONFIDENTIAL" shall affix the legend "CONFIDENTIAL" on the transcript and shall abide by the terms of the Protective Order.  Once a "CONFIDENTIAL" claim has been made, the designating party shall instruct the court reporter to stamp or write on the cover of all transcriptions the phrase "CONFIDENTIAL" or similar language.  Where only a portion of the deposition transcript is "CONFIDENTIAL," arrangements may be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL," and to label such portions appropriately.

8. The termination of this action shall not relieve any person to whom Confidential Information has been disclosed from the terms of this Order unless this Court orders otherwise.

9. Defendant may freely disclose the Confidential Information it produces in any manner it chooses without relieving the obligations imposed by this Order upon others.

10. This Stipulation is made for the express purpose of facilitating the litigation of this matter.  Should the litigation conclude without resolving the case in full, nothing in this Order shall be deemed a waiver of the parties' right to contest the confidential status of documents.  Nothing in this Order shall be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

LEWIS BRISBOIS

11. By signing this Order, Defendant does not acknowledge that the Confidential Documents or Confidential Information are subject to any disclosure, under this Order's terms or otherwise. Defendant does not waive and expressly retains the right to assert the application of any common law or statutory privileges or other protection or any theory of immunity from disclosure of Confidential Documents and/or Confidential Information.

12. By signing this Order, Plaintiff does not acknowledge the validity of Defendant's claims of protection from disclosure for the Confidential Documents and Confidential Information. Plaintiff reserves the right to challenge such claims. Plaintiff agrees, however, to be bound by the terms of this Order unless and until Plaintiff seeks and obtains from the Court a modification of the terms of this Order as provided below.

13. If the parties desire to modify the terms of this Order or otherwise have any dispute relating to the protections afforded under this Order, the parties shall first meet and confer in good faith in an attempt to reach agreement on the terms of modification of this Order and/or to resolve any other disputes. If the parties cannot reach an agreement on the modification of this Order or on the resolution of any other disputes despite a good faith attempt to reach such an agreement or resolution, said parties may, on a properly noticed motion to the Court in accordance with all applicable laws, seek to modify the terms of this Order. Neither party may file such a motion or seek other relief from the Court relating to the subject matter of this Order without first attempting in good faith to reach an agreement or resolve any disputes as provided in this Paragraph.

**IT IS SO ORDERED, with the following limitation:**

Notwithstanding anything else in this order, this order shall not govern in connection with dispositive proceedings or at trial. The standard for protection differs at those times, *see Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d

1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and accordingly, if protection is desired for those proceedings, a separate application should be made to the judicial officer who will preside at them.

DATED:   July 26   , 2012

　　　　　　　　　　　　　　　　　　　　　　
The Hon. Ralph Zarefsky
U.S. Magistrate Judge

# FEDERAL COURT PROOF OF SERVICE

Garrido v. Raytheon - File No. 30631.8

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 23, 2012, I served the following document(s): **[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Geoffrey C. Lyon, Esq. | Attorneys for Plaintiff |
| lyonlaw@verizon.net | GILBERT GARRIDO |
| LYON LAW PC | |
| 400 Oceangate, Suite 450 | Telephone: 562.590.6900 |
| Long Beach, CA 90802 | Facsimile: 562.590.6945 |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed on July 23, 2012, at Costa Mesa, California.

Nydia Vergara